UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


**JAMES ANDRE HENDRICKS, # 32475**                                                           **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 3:13cv786-CWR-FKB**

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS, NURSE GILES, NURSE
GONZALES, NURSE JOHNSON, NURSE
COLLINS, MS. AMY, DR. THOMAS
LEHMAN, NURSE BARLOW,
LIEUTENANT THORNTON, GENE
AUTREY, and DR. DIAL**                                                                       **DEFENDANTS**


**MEMORANDUM OPINION AND ORDER
DISMISSING MDOC, MS. AMY, AND NURSE BARLOW**

This case is before the Court *sua sponte* for consideration of dismissal. *Pro se* Plaintiff James Andre Hendricks is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he brings this action for damages and release challenging both the conditions and length of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendants MDOC, Ms. Amy, and Nurse Barlow are dismissed.

**BACKGROUND**

On December 18, 2013, Hendricks filed this action. Among others, he sues MDOC, Ms. Amy, and Nurse Barlow. As is relevant to the latter two, Hendricks indicates that, although he named them as Defendants, he really wishes to name them as his witnesses.

As for MDOC, Hendricks alleges that he is being denied a nebulizer and a unaboot. He also brings both a 42 U.S.C. § 1983 and habeas challenge against MDOC for the length of his sentence. He claims MDOC is not giving him credit for time served in jail, pretrial. This, he contends is

contrary to the sentencing judge's orders. Finally, Hendricks claims he was denied medical treatment for injuries he received after an assault.

This is not the first case in which Hendricks has sued MDOC over the nebulizer, unaboot, and his sentence. On December 11, 2013, he filed these identical claims against MDOC in *Hendricks v. Mississippi Department of Corrections*, cause number 3:13cv774-WHB-RHW. That case is still pending.

## DISCUSSION

MS. AMY AND NURSE BARLOW

Since Hendricks indicates that he does not want to sue Ms. Amy and Nurse Barlow, they are dismissed without prejudice.

MDOC

Hendricks sues MDOC under § 1983 and state law for the alleged denial of a nebulizer and unaboot, and an alleged failure to treat him following an assault. He likewise sues MDOC for damages over the length of his confinement.

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28

2

U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Hendricks to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

First, § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is considered an arm of the State of Mississippi. Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006). Therefore, the § 1983 claims against MDOC are dismissed with prejudice.

Second, to the extent MDOC is sued under the Mississippi Tort Claims Act, the Act does not waive the State's Eleventh Amendment immunity "from suit in federal court." Miss. Code Ann. § 11-46-5(4). Therefore, the state law claims against MDOC are dismissed without prejudice.

Furthermore, the nebulizer, unaboot, and sentence claims are subject to dismissal for an additional reason. These claims against MDOC are duplicate to those filed against it in *Hendricks*,

cause number 3:13cv774-WHB-RHW.  That case, which is still pending, was filed a week before the instant case.  It is "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff."  *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).  The nebulizer and unaboot claims and the damages claim for an alleged illegal confinement against MDOC are also dismissed as malicious.  This counts as a strike under § 1915(g).

HABEAS

Finally, Hendricks brings habeas claims against MDOC alleging that he is not being given credit for time he spent in jail, prior to trial.  Since this identical claim is also being pursued in the previously filed action, the habeas claim is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendant Mississippi Department of Corrections should be and is hereby dismissed.  The 42 U.S.C. § 1983 claims against this Defendant are **DISMISSED WITH PREJUDICE**.  The State law claims against this Defendant are **DISMISSED WITHOUT PREJUDICE**.  The habeas claims are **DISMISSED WITHOUT PREJUDICE** as duplicative.  *Pro se* Plaintiff James Andre Hendricks is assessed a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants Ms. Amy and Nurse Barlow are dismissed without prejudice.  The remainder of this case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 27th day of January, 2014.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE